Linda JACKSON, as Personal Representative for the Estate of Akira Jackson, and Lakisha Jernigan, as Next Friend of Quantil Jernigan, a Minor, Plaintiffs,

v.

CITY OF DETROIT, a municipal corporation, City of Detroit Police Department, Terrell Dwayne Simpson, Officer Ryan May and Officer Raymond Soto, Defendants.

No. 00–CV–74569–DT.

United States District Court, E.D. Michigan, Southern Division.

June 12, 2001.

Arnold J. Matusz, Siemion, Huckabay, Geoffrey N. Fieger, Fieger, Fieger, Southfield, MI, for Linda Jackson, Lakisha Jernigan, Quantil Jernigan, plaintiffs.

Antonia F. Grinnan, William J. Liedel, Liedel, Jason, Detroit, MI, for Detroit, City of, Detroit Police Department, Terrell Wayne Simpson, Ryan May, Raymond Soto, defendants.

## OPINION AND ORDER

ZATKOFF, Chief Judge.

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion for Summary Judgment. Plaintiffs responded and Defendants replied. The Court finds that the facts and legal arguments are adequately presented in the parties' briefs and the decisional process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendants' Motion for Summary Judgment is GRANTED.

### II. BACKGROUND

This case involves an automobile-pedestrian accident which took the life of Plaintiff Akira Jackson and seriously injured Plaintiff Quantil Jernigan. The Plaintiffs were struck by a vehicle operated by Defendant Terrell Dwayne Simpson while Simpson was attempting to evade police.

Harboring suspicion that Defendant Simpson was driving a stolen vehicle, Detroit police officers Ryan May and Raymond Soto pulled Defendant Simpson's vehicle to the curb in order to investigate. When the two officers exited the police vehicle and approached Defendant's vehicle, Defendant pulled away from the curb at a high rate of speed. The officers re-

turned to the police vehicle and initiated pursuit using emergency lights, siren, and horn. Officer Soto testified that his intention was to keep Defendant Simpson's vehicle in sight, not to catch up to him. This assertion is buttressed by Officer Soto's further testimony that Defendant's vehicle was traveling upwards of seventy miles per hour during the pursuit while Officer Soto's vehicle speed did not exceed forty-five miles per hour. The officers observed Defendant Simpson disregard a stop sign and collide with another vehicle. As a result of this collision, Defendant Simpson's vehicle veered towards and struck Plaintiffs Jackson and Jernigan. Defendant Simpson was charged and subsequently convicted of involuntary manslaughter on January 18, 2001. Officer Soto testified that the entire pursuit lasted only twenty-eight seconds.

Plaintiffs filed an action under 42 U.S.C. § 1983 alleging that the officers' pursuit of Defendant Simpson's vehicle was reckless enough to constitute a violation of Plaintiffs' due process rights guaranteed under the Fourteenth Amendment to the United States Constitution.[1] Defendants maintain that the officers' conduct during pursuit did not "shock the conscience" pursuant to *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998), and therefore neither the individual officers nor the Detroit Police Department are subject to civil liability under a § 1983 claim.

Plaintiffs aver that the police officers had sufficient time to deliberate the risks and consequence of pursuit, therefore, the officers' conduct should be measured under the stricter standard of "deliberate indifference." Plaintiffs maintain that the officers' conduct was deliberately indifferent and therefore § 1983 liability is warranted. The following facts are undisputed: the police pursuit covered a two-block distance, the pursuit was over in less than twenty-eight seconds, and the police vehicle never exceeded forty-five miles per hour.

### III. STANDARD OF REVIEW

Summary judgment is appropriate only if the answers to interrogatories, depositions, admissions, and pleadings combined with the affidavits in support show that no genuine issue as to any material fact remains and the moving party is entitled to a judgment as a matter of law. *See* FED. R. CIV. P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (citations omitted). In application of this summary judgment standard, the Court must view all materials supplied, including all pleadings, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted).

The moving party bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact.

---

1. The first paragraph of Plaintiffs' complaint states that this action also arises under the Fifth and Eighth Amendments, although claims under those amendments are not contained in any specific count. Plaintiffs did not further allege, and the facts of this case do not support, claims under the Fifth or Eighth Amendment to the United States Constitution. Therefore, those claims, assuming they are even sufficiently pled, are DISMISSED.

*See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. *See* FED. R. CIV. P. 56(e); *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. The non-moving party must do more than show that there is some metaphysical doubt as to the material facts. It must present significant probative evidence in support of its opposition to the motion for summary judgment in order to defeat the motion for summary judgment. *See Moore v. Philip Morris Companies,* 8 F.3d 335, 339–40 (6th Cir.1993).

## IV. ANALYSIS

The Court finds that the officers' conduct did not shock the conscience of civilized society and therefore Defendants did not violate Plaintiffs' due process rights under the Fourteenth Amendment.

The United States Supreme Court decided a circuit split regarding the issue of the appropriate standard of culpability with which to measure a law enforcement officer's alleged violation of substantive due process in a pursuit case. *See County of Sacramento v. Lewis,* 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). In *Lewis,* officers initiated pursuit of a motorcycle that had ignored police orders to pull over. The pursuit lasted seventy five seconds and covered a span of 1.3 miles in a residential neighborhood. The motorcycle and police vehicle wove in and out of oncoming traffic, attaining speeds up to 100 miles per hour with the officer following at a distance as short as 100 feet. The chase ended when the perpetrator lost control of the motorcycle and it tipped. The patrol car skidded into plaintiff, a passenger on the motorcycle, at a speed of forty miles per hour. Plaintiff died at the scene.

In holding that the officer's conduct should be measured according to the more lenient "shocks the conscience" standard, the Supreme Court opined that police officers

are supposed to act decisively and to show restraint at the same moment, and their decisions have to be made "in haste, under pressure, and frequently without the luxury of a second chance." ... cf. *Graham v. Connor,* 490 U.S. at 397, 109 S.Ct. 1865 ("[P]olice officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving"). A police officer deciding whether to give chase must balance on one hand the need to stop a suspect and show that flight from the law is no way to freedom, and, on the other, the high-speed threat to everyone within stopping range, be they suspects, their passengers, other drivers, or bystanders.

. . .

Accordingly, we hold that high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressible by an action under § 1983.

*Id.* at 853–54, 118 S.Ct. 1708 (internal citation omitted). In finding that the officer's conduct failed to meet the shocks-the-conscience test, the Supreme Court noted that it was the perpetrator's lawless behavior, not the police, who initiated the dangerous high-speed chase.

Like the officer in *Lewis,* officers May and Soto were following their instincts as law enforcement officers when they gave chase to Defendant Simpson, they were not attempting to induce Simpson's lawless behavior. *See id.* at 855, 118 S.Ct. 1708. Moreover, the officers in *Lewis* engaged in a seventy-five second, 1.3 mile, 100 mile per hour chase through a residential

neighborhood in which they followed the driver at a distance of 100 feet. The officers in this case engaged in only a twenty-eight second, two-block, forty-five mile per hour chase in which they kept a very safe distance and only intended to maintain visual contact of Defendant's vehicle. The officers did not intend to physically harm Defendant Simpson or worsen his legal plight. Therefore, the officers' conduct in this case clearly does not "shock the conscience" and therefore does "not give rise to liability under the Fourteenth Amendment, redressible by an action under § 1983." *Id.* at 854, 118 S.Ct. 1708. Because officers May and Soto did not violate the United States Constitution, liability may not lie with the Detroit Police Department. *See Claybrook v. Birchwell,* 199 F.3d 350, 361 (6th Cir.2000) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986)).

Plaintiffs' attempt to distinguish the facts of this case from *Lewis* is unavailing. Plaintiffs cite *Feist v. Simonson,* 222 F.3d 455 (8th Cir.2000), for the proposition that the appropriate standard to measure the officers' conduct is the more-rigorous "deliberate indifference" standard. In *Feist,* the officer engaged in a chase that lasted over six minutes, spanned over six miles (1.2 of which were in the wrong direction down a major freeway), at speeds over 100 miles per hour, and resulted in the death of an innocent driver who was hit by the fleeing suspect's car. The Eight Circuit cited *Lewis* for the proposition that the deliberate indifference standard, not the shock-the-conscience standard, is applied when " 'actual deliberation is practical.' " *Feist,* 222 F.3d at 464 (quoting *Lewis,* 523 U.S. at 851, 118 S.Ct. 1708). The court found the facts in that case distinguishable from *Lewis* and found that the officer had ample opportunity to deliberate. Therefore, the court did not look to whether the officer intended to physically harm plaintiff or worsen his legal plight (the shock-the-conscience test); rather, the court inquired into whether the officer was deliberately indifferent to plaintiff's civil rights. *See id.* at 462–63. The Eight Circuit found the officer liable under § 1983.

It is apparent that the facts of this case are readily distinguishable from the facts of *Feist.* The officer in *Feist* was liable because the facts in that case (chase lasting over 6 minutes, over 6 miles, over 100 miles per hour, heading wrong way down one way streets and freeways) were more egregious than the facts of *Lewis* (75 second, 1.3 mile, 100 mile per hour, close distance chase), where the officer escaped liability. Because the facts of this case (28 second, 2-block, 45 mile per hour, safe distance chase) are even less egregious than the facts of *Lewis,* it is factually and legally impossible to hold officers May and Soto liable under § 1983 on the basis of *Feist.*

## V. CONCLUSION

Accordingly, for the reasons stated above, Defendants' Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.